UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FRANKLIN WOODY,

       Plaintiff,

v.                                        Case No. 05-73764
                                        Honorable Patrick J. Duggan

HELEN J. MARBERRY, et al.,

       Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 8, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Plaintiff Thomas Franklin Woody, an inmate currently incarcerated at the Federal Correctional Institution ("FCI") in Milan, Michigan, filed this civil rights action on October 3, 2005, against FCI Warden Helen J. Marberry, Discipline Hearing Officer F.A. Bierschbach, and the Bureau of Prisons. Plaintiff complains that Defendants improperly disciplined him for an incident that occurred on May 13, 2005. Specifically, Plaintiff claims that after being found guilty of assaulting another inmate in violation of Offense Code 224, he was sanctioned for a period of segregation exceeding the maximum period allowed and, as a result, lost his job at UNICOR and faces a transfer to another prison. Plaintiff alleges that he has been unfairly treated and punished in retaliation for a case he

1

filed against Defendant Marberry which currently is pending before the Sixth Circuit Court of Appeals.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all internal administrative remedies prior to filing a civil rights lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a). The Sixth Circuit requires inmates to attach to their complaints evidence establishing their exhaustion of administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The prisoner must attach a copy of the applicable dispositions of his or her grievances to the complaint or, in the absence of any documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner's failure to demonstrate exhaustion of internal remedies is grounds for automatic dismissal. *Id*. The Sixth Circuit recently adopted "the total exhaustion rule," requiring the dismissal of a prisoner's entire complaint where the complaint contains at least one unexhausted claim. *Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

In the present case, Plaintiff alleges and provides documentation to establish his pursuit of his administrative remedies with respect to Defendant Bierschbach's finding that he violated Offense Code 224. On appeal, the Bureau of Prisons' North Central Regional Office found a procedural error, expunged Defendant Bierschbach's decision, and ordered a re-hearing of the charge against Plaintiff.[1] Plaintiff, however, fails to show

---

[1] Plaintiff apparently was then found guilty of violating a lower Offense Code based on the May 13, 2005 incident.

that he pursued his administrative grievances with respect to his placement in administrative segregation, the loss of his job, and/or Defendant Marberry's request for Plaintiff's transfer to a different prison.

As Plaintiff fails to establish exhaustion of his administrative remedies, the Court concludes that Plaintiff's complaint must be summarily dismissed without prejudice pursuant to Section 1997e(a).

**SO ORDERED**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Thomas Franklin Woody
#10093-017
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160